*Leave to file is Granted. Motion for Default Judgment is Denied without Prejudice due to failure to submit an affidavit.*

*Judge Walton*
*2/29/08*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL K. JACOBS, et al, <br><br> PLAINTIFFS, <br> v. <br><br> VIJAY PATEL, et al, <br><br> DEFENDANTS. | CASE NO.: 1:07CV01802 <br><br> HONORABLE JUDGE: <br> REGGIE B. WALTON <br><br><br> PLAINTIFFS' MOTION TO <br> FOR DEFAULT JUDGMENT |

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

COMES NOW the Plaintiffs, Samuel Jacobs and Nancy Heckerman, who hereby state that they are requesting that the Honorable Court grant a default judgment against the Defendants Vijay Patel and Dilip Patel pursuant to Rule 55(a), (b)(1), and (d) (Default). Plaintiffs state the following to support this motion for a judgment in their favor, to-wit:

1. That the Plaintiffs filed the original pleading "COMPLAINT FOR CONSPIRACY UNDER RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) AND THREATS AGAINST UNITED STATES" on October 5, 2007, in this Court against Defendants Vijay Patel and Dilip Patel.

2. That the Summons were properly served in a Foreign country pursuant to Rule 4(f) (Summons). The process service firm named Paquette et Associates, s.e.n.c., Huissiers de justice, Montreal, Canada was hired by the Plaintiffs to serve the Defendants. Vijay Patel was officially served on October 13, 2007, and Dilip Patel was officially served on October 17, 2007, both in Montreal, Canada, and service was Notarized by a Bailiff of the Court who is an officer of the Court in the Canadian judicial system.

3. That the original copy of the Return of Service stating that both Vijay Patel and Dilip Patel had been officially served was certified by the Paquette et Associates in Montreal, Canada, and Plaintiffs filed this receipt in this Court on December 10, 2007.

4. That it has been over 127 days since the Defendants Vijay Patel and Dilip Patel were duly served in Montreal, Canada, by representatives of Plaintiffs Samuel K. Jacobs and Nancy Heckerman, and they have failed to respond to this Summons and answer this Complaint pursuant to Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure.

5. That the Defendants Vijay Patel and Dilip Patel, by failing to file a required Answer or otherwise respond to the Plaintiffs' "COMPLAINT FOR CONSPIRACY UNDER RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) AND THREATS AGAINST UNITED STATES" within ninety days pursuant to Rule 12(a)(2) of the Federal Rules of Civil Procedure, the Plaintiff/Counter-Defendants have, therefore, admitted the averments as true by failing to file an answer denying the Defendants' averments pursuant to Rule 8(d) (General Rules of Pleading) of the Federal Rules of Civil Procedure.

6. That the Plaintiffs move for a default judgment be granted upon their pleadings since the Defendants have failed to appear and the Plaintiffs' pleading demands an answer in a responsive pleading pursuant to Rule 8 (d) (General Rules of Pleading). Defendants' failure to respond to this Summons and answer the Complaint is an admission the Plaintiffs' averments are true and correct when not denied pursuant to Rule 8 (d).

7. That, therefore, since the Plaintiffs' pleading is admitted through failure to deny, the Plaintiffs assert the veracity of their statements are true and correct and that a default judgment should be awarded for the amount prayed for in the Complaint for the reasons so stated therein in their entirety.

8. That Plaintiffs move the Court to grant to them the monetary judgment of $3,000,000.00 for compensatory damages as prayed for in their Complaint F.R.Cv.P.Rule 54(c) (Judgments; Costs).

9. That Plaintiffs, as prevailing parties, further pray that the Court award the Plaintiffs such other costs as deemed appropriate pursuant to F.R.Cv.P.Rule 54(d)(1) (Judgments; Costs) to pay the debts owed to third parties which were incurred by Defendants Vijay Patel and Dilip Patel in the amount of $312,000.00 and costs of $69,000.00. This third party payment is demanded to prevent the third party victims from filing suit against these Plaintiffs, and the Defendants, at a later stage if these third party entities are not justly compensated for their fees and services.

10. That Plaintiffs move that they be awarded this judgment by default pursuant to Rule 55 of the Federal Rules of Civil Procedure.

11. That the Defendants/Counter-Plaintiffs allege that the Defendants are treating this case as if it was not real, or some kind of joke, and the Plaintiffs aver that the Defendants literally have through a gross departure from accepted practice either not responded to this pleading upon the instruction of third parties. Defendant Vijay Patel is no stranger to the laws of the United States since he has admitted to having lived in this country before moving to Canada. Even if the Defendants are not allowed to reenter the United States, they have the right to defend the Plaintiffs' averments through legal counsel.

12. That when Defendants Vijay Patel and Dilip Patel could not follow through with justifiable plans for a legitimate airline operation, then Vijay Patel greatly expanded his overt acts through a pattern of racketeering activities which included threats of violence and extortion. These acts were expanded when Defendants Vijay Patel and Dilip Patel met and corroborated with

executives of JET AIRWAYS JOY OF FLYING of India which is operating in Canada in the same airport where Dilip Patel works for Northwest Airlines.

13. That the Plaintiffs assert that although the Defendants Vijay Patel and Dilip Patel's original plan to use Plaintiff Jacobs, his expertise, and his contacts in the airline industry to fund their new "airline" the Plaintiffs have obtained even more and new information in the last few weeks which indicated that these Defendants' airline start up might have only been a ruse to obtain information about the Plaintiffs.

14. That this scam literally left the Plaintiffs holding the debts for the work in New York and the other expenses for the Defendants' "new airline." Plaintiffs' names and the names of their businesses have been damaged and thus their ability to perform in interstate and foreign business due to the actions of these Defendants. Discovery would reveal whether this was their real plan or if it was a front as initiated by JET AIRWAYS JOY OF FLYING which has infringed upon the trademark held by Plaintiff Heckerman and her company Jet Airways, Inc.

15. That the people who work for JET AIRWAYS JOY OF FLYING are directly associated with, and the airline is directly funded by, those persons in India who commit such criminal acts as these Defendants. Such acts would be directly in violation of Title 18 U.S.C.A. § 1951 (Interference with commerce by threats or violence), § 1956 (Laundering of monetary instruments) and § 1957 (Engaging in monetary transactions in property derived from specified unlawful activity) if they are allowed to set up similar operations in the United States through the entry of this airline. This case is a prime example of how this group operates through a hiring of thugs to destroy the competition.

16. That Plaintiffs state that the new evidence concerns similar threats of violence against an associate of their in Europe who was had hired in Europe to assist them with their businesses,

She was forced to move to an undisclosed location to hide her children, under protection of the local authorities, after employees of JET AIRWAYS JOY OF FLYING threatened to harm not only her but *her three children as well* if she did not divulge information about the Plaintiffs' businesses primarily in the United States and Europe.

17. That Plaintiffs state that these are some of the same tactics as demonstrated by the Defendants in this case and Plaintiffs believe that through the evidence they have received, they can prove that these Defendants were at the least "encouraged" to continue their attacks against these Plaintiffs in exchange for rewards. Plaintiffs still want to discover why Defendant Vijay Patel stated to them that he cannot return to the United States.

18. That the Plaintiffs state that this default judgment is justified because the Defendants have no defense against the evidence that can be presented against them since the Plaintiffs have copious written evidence already attached to the Complaint, voice recordings which are to be submitted in Court, and multiple witnesses. Vijay Patel has telephoned or e-mailed numerous threats of violence, extortion, and even impersonated a member of the Royal Canadian Mounted Police and left this evidence on recorded messages on several different telephone answering systems as well as e-mails to the Plaintiffs.

THEREFORE, the Plaintiffs pray:

a. That this default judgment for Plaintiffs be granted pursuant to Rule 55(a), (b)(2), and (d) (Default) and Rule 54(c) (Judgment; Costs) of the Federal Rules of Civil Procedure;

b. That the Plaintiffs be awarded the amounts claimed in their "COMPLAINT FOR CONSPIRACY UNDER RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) AND THREATS AGAINST UNITED STATES" of $3,000,000.00, which may be

trebled pursuant to Title 18 U.S.C.A. § 1964(c) (Civil remedies), other costs of at least $381,000.00, and other expenses to be determined by the Court;

    c.    And for all other further relief that the Honorable Court deems appropriate.

Dated this 21th day of February, 2008.

Respectfully submitted,

_____
Samuel K. Jacobs

_____
Nancy M. Heckerman

OFFICES OF SAMUEL K. JACOBS
2300 M Street NW, Suite 838
Washington, D.C. 20037
Telephone: 202-416-1753
E-mail: sjnhjacobs@msn.com

CLERK
US DISTRICT & BANKRUPTCY
COURT

2008 FEB 21 PM 7: 04

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RECEIVED

| | |
|---|---|
| SAMUEL K. JACOBS, et al, | CASE NO.: 1:07CV01802 |
| PLAINTIFFS, | HONORABLE JUDGE: REGGIE B. WALTON |
| v. | |
| VIJAY PATEL, et al, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO FOR DEFAULT JUDGMENT |
| DEFENDANTS. | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

COMES NOW the Defendants/Counter-Plaintiffs who hereby submit this Memorandum of Points and Authorities in Support of their Motion for Default Judgment, to-wit:

1. That Defendants have filed no Answer to these pleadings in which they specifically deny each and every one of these allegations and, therefore, the Plaintiff/Counter-Defendants admit them as true pursuant to Rule 8 (d) (General Rules of Pleading). (Failure to plead timely after service of process may lead to entry of judgment by default without hearing and without further notice.[1]).

> An action was instituted, on the 23rd of June, 1879, under the Act of 1864, ch. 6; the writ of summons was made returnable on the second Monday of July, 1870, the next return day prescribed by the Act, after the suit was commenced; on the return day the defendant appeared and demurred to the declaration. At the following September Term, being the first term thereafter, the plaintiff entered a motion for judgment by default, for want of a plea verified by affidavit; on the 16th of December following, the court overruled the demurrer and entered judgment by default, for want of a pleas and affidavit of defense, and on the same day assessed the damages and entered final judgment thereon. Held that these proceedings were in strict conformity with the requirements of the Act of 1864, sh.6.[2]

---

[1] *Mueller v. Payn*, 1976, 352 A.2d 895, 30 Md.App. 377, certiorari denied 277 Md. 739.
[2] *Norris v. Wrenschall*, 1871, 34 Md. 492.

MEM. OF PTS. & AUTH. IN SUP. OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT—Page 1 of 7

2. That the Plaintiffs failed to comply with a proper pleading to the Defendants' motion.

It is competent for either party to a suit to obtain a rule on the other party to declare, plead, reply, rejoin, etc., by a special day to be prescribed by the court other than the regular rule days, and if the party so required neglect to declare, plead, reply, rejoin, etc., by the day prescribed, judgment of non-pros., or by default, as the case may require, may be entered against him, unless the court for good cause shown shall enlarge the rule. [3]

3. That the telephone calls to the Plaintiffs' office in Washington, D.C., continuous calls to cell phones, calls to Plaintiffs' friends and family, were, and still are, acts of aggression and violence and in violation of the Federal Rules of Criminal Procedure, and the Plaintiffs are entitled to compensatory damages for the fear factor more than any other act of violence attempted by these Defendants.[4]

4. That the acts of Defendants Vijay Patel and Dilip Patel were, and still are, deliberate, frequent, persistent, and intentional in nature and the full affect of the law is demanded for the multiple and violent attacks. Also, the employees and executives of JET AIRWAYS JOY OF FLYING are encouraging and promising these Defendants jobs or free flights on airlines if they cooperate and help to harm the Plaintiffs. Is this a foreign carrier which should be granted flying rights into the United States so that they can set up their extortion schemes like they have operating in India?

5. That the statute of limitations does not stop the Plaintiffs from proceeding with other lawsuits against these Defendants and others for violations of the Sherman AntiTrust Act. (Plaintiff

---

[3] *Marsh v. Johns*, 1878, 49 Md. 569.
[4] The telephone conversation in question constituted a violation of the FDCPA, the consumer was entitled to recover compensatory damages for any harm she suffered as a direct and proximate result of the call. *Lamb v. M & M Assoc., Inc.*, 1998 W: 34288694, 1998 U.S.Dist. LEXIS 13773 (S.D. Ohio Sept. 1, 1998).

MEM. OF PTS. & AUTH. IN SUP. OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT—Page 2 of 7

may not recover for actions outside one-year statute, but may use actions to support claims of abuse, harassment, or knowledge of attorney's representation.[5])

6. That the Defendants have left recorded messages of not so veiled death threats, have issued kidnapping threats against the children of the Plaintiffs' employees, and are still calling the Plaintiffs and associates as much as 37 to 60 times a day and are still threatening them with violence.

7. That the Defendants Vijay Patel and Dilip Patel know that the legal status of the debt is based upon their fraudulent actions since their acts were committed in the procurement of the debt owed to the Plaintiffs. [6]

> The Court reserves absolute immunity for individuals when they functionally serve as "integral parts of the judicial process," such as judges, advocates, and witnesses in their ordinary judicial roles. Briscoe, 460 U.S. at 335, 103 S.Ct. 1108. The purpose of this immunity is to preserve the integrity of our judicial system, not to assist a self-interested party who allegedly lies in an affidavit to initiate a garnishment proceeding.[7]

8. That the Plaintiffs' claims are supported by truth, evidence, witnesses, and accuracy. Defendants have not responded because they can not defeat this evidence.

9. That by not even filing an appropriate Appearance for which the Court has made extreme allowances in time, makes it self evident that there is more to this case than just a simple contract.

> The Third Circuit has rejected defendant's "single person" theory in the context of civil actions under Title 42 U.S.C. § 1985. *Novotny v. Great American Savings & Loan Association,* 584 F.2d 1235, 1258-59 (3rd Cir. 1978) vacated on other grounds, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). These cases support the view that where the "action by an incorporated collection of individuals creates the 'group danger' at which conspiracy

---

[5] *Mathis v. Omnium Worldwide,* 2005 WL 3159663 (D. Or. Nov. 27, 2005).
[6] Consumer's current federal FDCPA claims were not barred by res judicata since state court action to collect debt and FDCPA action for unlawful collection activity were different cause of action, contrary to rule that res judicata requires that that there two cases share "an identity of cause of action." *Clabault v. Shodeen Mgmt.,* 206 WL 87600 (N.D. Ill. Jan. 6, 2006).
[7] *Briscoe v. LaHue,* 460 U.S. at 325,, 335 (1983).

MEM. OF PTS. & AUTH. IN SUP. OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT—Page 3 of 7

liability is aimed, . . . the view of the corporation as a single legal actor becomes a fiction without a purpose." <u>Dussouy</u>, 660 F.2d at 603.

10. That the foremost party in any proceeding would not go to such extremes to avoid a litigation before a jury unless there was truth to the Plaintiffs' claims for which Defendants have no valid defense.[8] Defendants deny this jurisdiction by refusing to answer this complaint, and yet they have operated these overt acts against the Plaintiffs in this venue and jurisdiction through wire and mail fraud in defiance of the Federal statutes. (Rules of discovery are designed to prevent prejudice due to inadequate trial preparation rather than simply punish obduracy.[9])

> Whenever a litigant appears in a cause to deny jurisdiction over his person, which would otherwise exist but for the failure to pursue the methods prescribed by law for bringing him into court, he must confine himself to the suggestion that the summons or notice, as the case may be, required by law to be served has not been served, and that the court is therefore without jurisdiction in the absence of such service. If he enters into the question of whether the court has jurisdiction over the subject-matter of the suit in a transitory action, and challenges that point, he waives the want of service, and enters voluntarily into a controversy which goes to the merits, and thereby submits to the jurisdiction of the court over his person.[10]

11. That this is a case where the Defendants' failure to appear indicates not only a callous disregard for the Court as well as the Complaint, but that the Plaintiffs' claims are legitimate and the merits of the Complaint are justified since they are not denied.

> Such an evaluation will insure that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district

---

[8] "there are four ways to violate the RICO statute, which are set forth in the four subsections of § 1962. All four subsections incorporate the basic elements of 'enterprise' and 'pattern of racketeering activity' . . . However, the various offenses are quite different in the ways they combine those elements." Criminal Division, U.S. Dept. of Justice, Racketeer Influenced and Corrupt Organizations (RICO): A Manual for Federal Prosecutors 58 (1st rev ed 1986) (app I).
[9] *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 23 Fed.R.Serv.2d 1534, 2 Fed.R.Evid.Serv. 697.
[10] *Mahr v. Union Pacific R.Co.*, 140 Fed.R. 921 at 923.

MEM. OF PTS. & AUTH. IN SUP. OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT—Page 4 of 7

court and the Rules, will result in the extreme sanction of dismissal or judgment by default. *Wilson,* at 504.[11]

12. That Defendants have not stopped in their threats and intimidations by stalking the Plaintiffs through wire, and, through their associates, have threatened physical injury against others connected with the Plaintiffs in foreign countries. These are threats pursuant to Title 18 U.S.C.A. § 1951 (Interference with commerce by threats or violence).

> A threat of bodily harm is neither an inherent characteristic nor a necessary concomitant of the crime of extortion under the Hobbs Act. Therefore, the fear element under the Act can be satisfied by threats other than threats of bodily harm, such as by putting the victim in fear of economic harm or loss; and the offense of extortion occurs under the Act when accused preys upon or exploits a victim's reasonable fear of economic harm or loss.[12]

13. That there are other cases currently before other jurisdictions and venues against the parties who are orchestrating the events in this case, and, the Plaintiffs have knowledge of other proceedings which are being investigated and developed upon grounds even more complex. The Plaintiffs are not the only ones complaining to the appropriate oversight agencies and other Governments about the actions of these third party organizers who have dangled rewards to entice anyone who will commit actions against these Plaintiffs.

> "The 'reason for the rule above referred to is that the decision of a cause must depend upon the evidence introduced. If the courts should recognize judicially facts adjudicated in another case, it makes those facts, though unsupported by evidence in the case at hand, conclusive against the opposing party; which if they had been properly introduced they might have been met and overcome by him.' "[13]

14. That these Defendants acted without the standards which an ordinary man would observe and their actions were drastic. One crime was committed after another in a pattern of

---

[11] *Mutual Federal Savings and Loan Association v. Richards & Associates, Inc.,* 872 F.2d 88, 13 Fed.R.Serv.3d 917, RICO Mus.Disp.Guide 7198.
[12] *U.S. v. Covino,* C.A.2(N.Y.), 837 F.2d 65; *U.S. v. Billups,* C.A.Va., 692 F.2d 320, certiorari denied 104 S.Ct. 84, 464 U.S. 820.
[13] *Paridy v. Caterpillar Tractor Co.* (7th Cir.1931) 48 F.2d 166, 169.

MEM. OF PTS. & AUTH. IN SUP. OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT—Page 5 of 7

racketeering activities which has dramatically affected the Plaintiffs' interstate and foreign business and the people with whom they are associated in these businesses have been damaged and injured. Most of these criminal acts were committed in order to attempt to cover up the last criminal act.

15. That these drastic acts of threats of violence in direct violation of Title 18 U.S.C.A. § 1951 (Interference with commerce by threats or violence) are as compelling as the acts themselves, and since the Defendants have failed to defend these acts in this Court, and knowing that there is a large amount of evidence and witnesses against them, the Plaintiffs state that this demand for a default judgment is not too drastic, nor is it unrealistic compared to the damages sustained due to the actions of these Defendants and their third party coconspirators.

> When the sanction involved is judgment by default, the district court's "range of discretion is more narrow" because the district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court. *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503-04 (4th Cir.1977), cert. denied, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978). As we recognized in Wilson, those competing interests require the application of a four-part test: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.[14]

THEREFORE, the Plaintiffs assert that the Defendants have to adhere to the Laws of the United States and the Federal Rules of Civil Procedure in their refusal to answer this Complaint and the grant of a default judgment is not only proper, it is just.

Dated this 21th day of February, 2008.

Respectfully submitted,

_____
Samuel K. Jacobs

---

[14] *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 23 Fed.R.Serv.2d 1534, 2 Fed.R.Evid.Serv. 697.

MEM. OF PTS. & AUTH. IN SUP. OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT—Page 6 of 7

_____
Nancy Heckerman

OFFICES OF SAMUEL K. JACOBS
2300 M Street NW, Suite 838
Washington, D.C. 20037
Telephone: 202-416-1753
E-mail: sjnhjacobs@msn.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL K. JACOBS, et al, <br><br> PLAINTIFFS, <br> v. <br><br> VIJAY PATEL, et al, <br><br> DEFENDANTS. | CASE NO.: 1:07CV01802 <br><br> HONORABLE JUDGE: <br> REGGIE B. WALTON <br><br> **ORDER** |

## ORDER

The Plaintiffs having filed their pleading entitled: "COMPLAINT FOR CONSPIRACY UNDER RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) AND THREATS AGAINST UNITED STATES" upon Defendants Vijay Patel and Dilip Patel on Cotober 5, 2007, and the Complaint having been duly served on the Defendants on October 17, 2007, more than one hundred and twenty-seven days since, and no reply or answer having been interposed by the Defendants:

ORDERED, that judgment be entered herein in favor of the above named Plaintiffs against the above named Defendants for the sum of $3,000,000.00, besides the costs of $381,000.00, and disbursements of this action.

That the Clerk of this court hereby is ordered and directed to immediately certify and enter a copy of this order, and that this case is dismissed.

Dated _____, 2008.

_____
JUDGE OF THE UNITED STATES DISTRICT COURT



# CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2008, I caused the foregoing to be served by First Class U.S. Mail, or its equivalent to a foreign country: "PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT" which was filed in the United States District Court for the District of Columbia, Case Number: 1:07cv1802 RBW to the following Defendants:

**VIJAY PATEL**
 4576 Felix-LeClerc,
 Ville-Laurent, Quebec H4R-2R2,
 Canada; and,

**DILIP PATEL**
 1135 Du Phare ST.
 Leval, Quebec H7R- 6H5
 Canada


_____
Samuel K. Jacobs, Plaintiff

OFFICES OF SAMUEL K. JACOBS
2300 M Street NW, Suite 838
Washington, D.C. 20037
Telephone: 202-416-1753
E-mail: sjnhjacobs@msn.com